## TERRY v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. February 3, 1903.)

### No. 451.

1. INDICTMENT—JOINDER OF COUNTS—COMPELLING ELECTION.

The general rule is that the prosecution will not be required to elect between the several counts of an indictment when they have been inserted in good faith for the purpose of meeting the evidence as it may transpire, and where the offenses charged, although technically different, are of the same general nature and substantially the same, arising out of the same transaction, and concerning which the same testimony must be relied on for a conviction.

2. SAME—SUFFICIENCY—DESCRIPTION OF OFFENSE.

An indictment under Rev. St. § 3279 [U. S. Comp. St. 1901, p. 2126], which charges that the accused "unlawfully and knowingly did carry and deliver, to wit, raw material to a distillery" on which no sign was placed and kept as required by law, but which does not state that such distillery was one for the production of spirits, nor set forth the kind of raw material which was furnished, is insufficient, as not describing the offense with the particularity required.

In Error to the District Court of the United States for the Eastern District of Virginia.

This case is here upon a writ of error to the District Court of the United States for the Eastern District of Virginia. The plaintiff in error was tried upon an indictment containing six counts. The first count is under section 3258 of the Revised Statutes [U. S. Comp. St. 1901, p. 2112], and charges the plaintiff in error with setting up and having in his possession and control a still and distilling apparatus without having registered the same. The second count is under section 3281 [page 2127], charging that the plaintiff in error had unlawfully carried on the business of a distiller without having given bond, etc. The third count is under the same section, and charges that the plaintiff in error unlawfully engaged in and carried on the business of a distiller, with intent to defraud the United States of the tax on spirits distilled by him. The fourth count is under section 3279 of the Revised Statutes [U. S. Comp. St. 1901, p. 2126], charging plaintiff in error with working in a distillery upon which no sign was placed as the law requires, and the fifth count charges that the plaintiff in error unlawfully carried away a quantity of distilled spirits from a distillery on which the required sign was not placed. The sixth count charges that the plaintiff in error unlawfully delivered raw material to a distillery on which the sign required by law was

---

¶ 1. See Indictment and Information, vol. 27, Cent. Dig. §§ 439, 443, 444, 447.

not placed. Throughout the indictment the term "distillery" is used without further description, and without stating whether it was a distillery for the production of distilled spirits from grain or from fruit or other material. The jury returned the following verdict: "We, the jury, find the prisoner, J. O. Terry, guilty as charged in the sixth count of the indictment." Upon this verdict the court sentenced the plaintiff in error to imprisonment for the period of 60 days. Before the trial began and the introduction of testimony was had, the plaintiff in error, who appeared in his own behalf, moved the court to require the district attorney to elect upon which count in the indictment he would go to trial. This motion was overruled by the court, and to this ruling the plaintiff in error excepted. Upon the return of the verdict the plaintiff in error moved the court to set aside the said verdict and grant him a new trial, because the same was contrary to the law and the evidence. The motion was overruled by the court, to which the plaintiff in error excepted. The assignments of error are: First. The court erred in overruling the motion of the plaintiff in error to require the United States to elect upon which count in the indictment he should be tried. Second. The court erred in overruling the motion of the plaintiff in error to set aside the verdict and grant him a new trial, upon the ground that the verdict was contrary to the law and the evidence, and in entering up final judgment upon the said verdict against him. The facts as disclosed by the witnesses for the government are substantially as follows: That an illicit distillery of spirits from grain had been operated, some time in the summer of 1900, on a farm called the "Derring Farm," near Clayville, in Powhatan county, Va.; that the farm was the property of the plaintiff in error, and that one Paul, who was in his employment, did the work; that the plaintiff in error was present on one occasion when the distillery was in operation; that he and Paul left together, carrying with them a keg of distilled spirits which had been produced in the distillery. There was found at the place by a deputy collector, who went there after the operations had ceased, the furnace where the still had been located, a worm and cooling tub, about 450 pounds of meal, a barrel of molasses, and three sacks of malt. There was also some other evidence tending to prove that the distillery was being operated on plaintiff in error's farm with his knowledge and consent, and that the meal and molasses found there by the deputy collector belonged to him. The plaintiff in error was himself a witness, and denied any knowledge of the distillery, or that he had any interest in it, or that he furnished the materials, and there was some evidence to corroborate him.

J. O. Terry, in pro. per.
Edgar Allan, U. S. Dist. Atty.

Before GOFF, Circuit Judge, and PURNELL and BOYD, District Judges.

BOYD, District Judge (after stating the facts). It is not necessary to discuss the question raised by the first exception—the refusal of the court to require the district attorney to elect—as we think that was a matter within the discretion of the district judge. The general rule is that an election will not be compelled when the several counts of the indictment have been inserted in good faith for the purpose of meeting the evidence as it may transpire, the offenses charged, though technically different, being of the same general nature, substantially for the same offense, arising out of the same transaction, and concerning which the same testimony must be relied upon for conviction. Such is the case we are now considering.

In the second exception and assignment we find an important question, one materially affecting the rights of the plaintiff in error, and that is whether or not the allegations in the count upon which he

was convicted are sufficient in law to charge a criminal offense. It is true that the plaintiff in error did not make a formal motion in arrest of judgment for this defect, but he requested the court to set aside the verdict because it was contrary to the law, and he also insisted that the court erred in entering up final judgment upon the said verdict. The plaintiff in error, who is a layman and not presumed to be familiar with the technical forms of pleading, was evidently intending to ask the court to give him the benefit of such legal rights as he might be entitled to under the circumstances, and it is but fair to him to so construe his action. We think, therefore, that the court should have taken notice of the form of the indictment, and, if found to be defective, should have declined to pronounce judgment. It is our conclusion, therefore, that we ought to treat the plaintiff in error's second exception and assignment as in substance a motion in arrest of judgment after verdict, and, if it is found that matter intrinsic appears on the face of the record which would render the judgment, if given, erroneous or reversible, or if it would have been fatal to the indictment on general demurrer, to give him the benefit of it.

The count upon which the plaintiff in error was convicted reads as follows:

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present that at the time and place, and within the jurisdiction aforesaid, the said J. O. Terry unlawfully and knowingly did carry and deliver, to wit, raw material to a distillery on which no sign bearing the words 'Registered Distillery' was placed and kept as required by law, contrary to the statute in such cases made and provided, and against the peace and dignity of the United States."

The law making it indictable to furnish raw material to distilleries is, as stated before, to be found in section 3279 of the Revised Statutes [U. S. Comp. St. 1901, p. 2126]. In the beginning of that section we find the following:

"Every person engaged in distilling or rectifying spirits and every wholesale liquor dealer, shall place and keep conspicuously on the outside of the place of such business a sign exhibiting in plain and legible letters, not less than three inches in length, painted in oil colors or gilded, and of a proper and proportionate width, the name or firm of the distiller, rectifier or wholesale dealer, with the words 'Registered Distillery,' 'Rectifier of Spirits' or 'Wholesale Liquor Dealer,' as the case may be."

And in the latter part of the said section it is provided as follows:

"And every person * * * who knowingly carries and delivers any grain, molasses or other raw material to any distillery on which such sign is not placed and kept, shall forfeit all horses, carts, drays, wagons or other vehicles used in conveying such property aforesaid, and shall be fined not less than one hundred dollars nor more than one thousand dollars, or be imprisoned not less than one month nor more than six months."

It will be observed that, in the outset, this section describes the business to be engaged in to be that of distiller, rectifier of spirits, or wholesale dealer in liquor, and it is upon this business that the sign required by law is to be placed and displayed. This indictment does not charge that this was a distillery for the production of spirits, and does not distinguish the establishment from any other distillery.

There are other distilleries operated in this country besides those for the production of spirituous liquor. Neither does this indictment charge any particular kind of raw material as having been furnished to the distillery, but simply states that J. O. Terry "willfully and knowingly did carry and deliver, to wit, raw material to a distillery." In distilleries for the production of spirituous liquor various kinds of raw material are used, such as the meal from corn, rye, and barley, and also molasses and malt. In fruit distilleries for the production of spirituous liquors the kinds of raw material used are probably more numerous, for they include apples, peaches, many kinds of smaller fruits, and in some instances brandy is made from oranges and apricots. Is this indictment, therefore, sufficient in law to charge a criminal offense? In the Cruikshank Case, 92 U. S. 552, 23 L. Ed. 588, the court says:

"In criminal cases prosecuted under the laws of the United States, the accused has the constitutional right 'to be informed of the nature and cause of the accusation.' Amendment 6. In U. S. v. Mills, 7 Pet. 142, 8 L. Ed. 636, this was so construed to mean that the indictment must set forth the offense 'with clearness and all necessary certainty of apprising the accused of the crime with which he stands charged,' and in U. S. v. Cook, 17 Wall. 174, 21 L. Ed. 538, that 'every ingredient of which the offense is composed must be accurately and clearly alleged.' It is an elementary principle of criminal pleading that where the definition of an offense, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition, but it must state the species—it must descend to them particularly.' 1 Arch. Cr. Pr. & Pl. 291. The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense and avail himself of conviction or acquittal for protection against a future prosecution for the same cause; and, second, to inform the court of the facts, so that it may decide whether they are sufficient in law to support conviction if one should be had. For this facts are to be stated, not conclusions of law alone. A crime is made up of acts and intentions, and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances."

Without quoting other authorities in support of these principles as to the sufficiency of indictments, does the indictment here comply with the requisites as set forth in his case? We think not. The indictment in the case from which the above is quoted charges certain persons with having banded and conspired to injure, oppress, and intimidate citizens of the United States of African descent, therein named, and thereby to hinder and prevent such citizens in the free exercise and enjoyment of rights and privileges granted and secured to them by the Constitution and laws of the United States, etc. The Supreme Court held that this indictment was not sufficient; that it should have charged specifically the particular right or privilege which was intended to be interfered with. The term "raw material," such as is used in distilleries of spirituous liquors, as above shown, includes material of various kinds, and it was due to the plaintiff in error that the indictment should set forth particularly the kind of raw material which was furnished, in order that the court might see whether or not it was such material as could be utilized in a distillery for the production of distilled spirits. Aside from this, how could the plaintiff in error go into trial unembarrassed, and with a fair

opportunity to defend himself, when he was not put upon notice as to the particular kind of material he was charged with furnishing, or the character of the distillery to which he carried it? How, upon the face of this record, if he were again indicted for the same offense, could he plead and avail himself of a former conviction?

We think that the judgment should have been arrested after verdict, and therefore we now direct that it be reversed.