BULLARD v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. July 5, 1917.)

No. 1513.

1. INTOXICATING LIQUORS ☞223(3)—ILLICIT DISTILLING—ISSUES, PROOF, AND VARIANCE.

In a prosecution for illicit distilling, the gravamen of the offense being the unauthorized distillation of alcoholic spirits, an instruction authorizing conviction if accused distilled rum, brandy, or whisky was not erroneous, though the indictment charged only distillation of whisky, for the specification might be disregarded as surplusage.

2. CRIMINAL LAW ☞1172(6)—APPEAL—HARMLESS ERROR—INSTRUCTIONS.

Where the evidence showed only illicit distillation of whisky, an instruction authorizing conviction on proof of distillation of rum, brandy, or whisky, was harmless though the indictment specified only whisky.

3. INTOXICATING LIQUORS ☞167—ILLICIT DISTILLING—PERSONS LIABLE—OWNER OF LAND.

In a prosecution for illicit distilling, an instruction that, if defendant allowed the use of his land for the still under agreement giving him control thereof or an interest therein, he was equally responsible with the party in control and operation, was not open to objection, as the charge warranted proof that defendant was engaged with others in illicit distilling.

4. CRIMINAL LAW ☞1169(2)—APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where the sheriff testified to finding the still on defendant's land, the admission of testimony by the deputy collector that the sheriff telegraphed

him to come, that he had got defendant's still, while erroneous, was harmless.

5. WITNESSES ☞405(2)—IMPEACHMENT—COLLATERAL QUESTIONS.

Where, for impeachment, the prosecution questioned defendant as to a wholly collateral charge against him, the prosecution is bound by his answer that prosecution of such charge had been quashed, and the judgment roll is not admissible despite altercations between counsel.

6. CRIMINAL LAW ☞1169(11)—APPEAL—HARMLESS ERROR.

In a prosecution for illicit distilling, where defendant took the stand, and in response to cross-examination by the prosecution admitted he had been indicted for adultery, but stated the prosecution had been quashed, the court admitted the judgment roll in the adultery case on account of a sharp altercation between counsel and by instructions authorized the jury to consider it. It was claimed that the judgment contradicted defendant's statement that prosecution had been quashed and showed a discreditable state of affairs in his household. *Held*, that the erroneous admission of the judgment roll was prejudicial error.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

George W. Bullard was convicted of illicit distilling, and he brings error. Reversed.

W. F. Stevenson, of Cheraw, S. C., for plaintiff in error.

Francis H. Weston, U. S. Atty., of Columbia, S. C., and J. Waties Waring, of Charleston, S. C., Asst. U. S. Atty.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

KNAPP, Circuit Judge. Plaintiff in error, defendant below, was convicted of illicit distilling, and brings his case here on writ of error. The indictment contains seven counts, charging him, in substance: (a) With having in his possession or under his control a distilling apparatus which was not registered; (b) with being a distiller of spirits, "to wit, corn whisky," without having given the bond required by law; (c) with carrying on the business of such distiller with intent to defraud the government of its tax; and (d) with working in a distillery for the production of spirits, "to wit, corn whisky," which distillery did not display the required sign. · In the remaining counts the same charges as (b), (c), and (d) are repeated with reference to the distillation of rum, but as these counts were withdrawn from the jury they need not be considered. The defendant was found guilty on the first four counts.

[1] Taking up the assignments of error, or such of them as appear to merit discussion, we come to a contention based upon the following instruction to the jury:

"It does not matter whether it was rum or whisky or brandy or any liquor which conforms to the statutory definition of distilled alcohol spirits. If he is proved to have been in possession of such a still and to have been in possession unlawfully and to have operated it unlawfully, then he is guilty, although the indictment might have charged him with producing distilled spirits called brandy and he was proved to have produced corn whisky, be-

cause the offense is the intended production or production of distilled alcohol spirits, and not of any particular class or name of such spirits."

[2] This instruction is claimed to be erroneous for the reason that the indictment, excluding the counts withdrawn, charges the unlawful production of a particular kind of spirits, namely, corn whisky, and it is argued that defendant could only be convicted for producing the specific article named in the indictment. We are unable to sustain the contention. The gravamen of the statutory offense is the unauthorized distillation of alcoholic spirits, and an indictment therefor need not specify the particular kind of spirits which the defendant is accused of producing. United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819; Coffey v. United States, 116 U. S. 427, 434, 6 Sup. Ct. 432, 29 L. Ed. 681. The specification in this case, therefore, might well be regarded as surplusage, the inclusion of which did not modify or restrict the applicable rule of law, since its omission would not affect the sufficiency of the indictment. But whatever might be said if the proofs had disclosed the production of rum or brandy, the objection is demonstrably without force in view of the fact that the only testimony upon the subject was the asserted finding, near the "furnace" on defendant's premises, of "several barrels of mash, made of fermented meal, such as is used from which to distill corn whisky." Inasmuch, then, as the evidence supported the specific charge in the indictment, it seems clear to us that defendant was in no wise prejudiced by the instruction quoted, even if it be assumed that such an instruction addressed to a different state of facts would be erroneous. The case of Terry v. United States, 120 Fed. 483, 56 C. C. A. 633, holds nothing to the contrary and has no pertinent application. To this it may be added that the objection here considered would appear unavailing for the further reason that it does not apply to the first count of the indictment, and conviction upon that count alone would be sufficient to sustain the judgment. Claassen v. United States, 142 U. S. 146, 12 Sup. Ct. 169, 35 L. Ed. 966.

[3] Complaint is also made because the jury were told that if defendant "allowed the use of his land for the still under any agreement whatsoever of sharing in its results, or under any agreement whatsoever that gave him the right to take charge and control of it, he would be equally responsible with the party in control and operation." We fail to see wherein this statement is incorrect or upon what ground it can be held erroneous. The defendant was charged with having an unregistered distilling apparatus in his possession and under his control, and with being a distiller of spirits. This was enough to permit proof, if the facts warranted, that he was engaged with others in the illicit business of which he was accused; but plainly in that case his guilt would not be condoned by their participation. And, if it be claimed by him that the still in question was actually operated by some one else, the instruction was entirely proper and should be upheld. In short, with the single exception hereinafter noted, the charge as a whole appears to be full and fair in its review of the testimony and not otherwise subject to valid objection.

[4] Two questions of evidence seem to require examination. The first is this: One Jenkins, a witness for the government, testified that

he was deputy collector at the time and that he received a telegram from Patterson, sheriff of Marlboro county, saying, "Come on, I have got Bullard's still." The contents of this telegram were clearly inadmissible, and the motion to strike out should have been granted. But the error was not appreciably harmful and may be disregarded. Patterson had testified fully as to what he saw and found in defendant's pasture lot, and his message to Jenkins was at most a mere inference from facts which he had already stated to the jury. In the circumstances, therefore, the refusal to strike out must be held quite insufficient for a reversal of the judgment.

[5] The other question is much more serious. Bullard, as a witness in his own behalf, denied vigorously that he had any connection with or knowledge of the unlawful acts alleged to have been committed on his premises. On cross-examination he admitted that he had been indicted for assault and battery and that he had pleaded guilty and paid a fine. He was then asked if he had not been indicted for other offenses, including adultery. This also he admitted, but said that the case had been "squashed." Immediately following this answer the record says:

"In reply, the district attorney offered the judgment roll in the adultery case to contradict the defendant, and showed that the case had not been quashed. To this the defendant objected; the objection was overruled and the judgment roll introduced in evidence, containing an order of the court providing for an adjustment of all the charges. Before its introduction a difference of opinion between counsel for the government and the defense as to the contents of this roll and order was openly expressed before the jury. Counsel for the government stated that the consent order showed an admission by defendant. Counsel for the defense arose and stated there was nothing in the order that could be construed as an intimation to that effect—all this before either could be restrained by the court. Under these circumstances, the court to relieve the jury from any misapprehension held the roll competent and the order (was) read as follows."

We are not aware of any theory upon which this ruling can be defended. The subject-matter of the question addressed to Bullard was obviously collateral to the issue on trial and the government was bound by his answer. Indeed, it is elementary that contradiction in such case is not ordinarily permissible. The district attorney, in pursuing an inquiry wholly unrelated to the charge under investigation, took the risk of replies which would defeat the effort to show that the witness was a man of bad character or otherwise unworthy of belief. Whether his statements about the adultery charge were true or false, he could not be contradicted in that regard except out of his own mouth. And clearly, as it seems to us, the "roll and order" in the adultery case was not made competent evidence against him by the circumstance that sharp dispute broke out between counsel, "before either could be restrained by the court," as to whether or not the order in that case, "providing for an adjustment of all the charges," showed an admission of guilt by the defendant. In short, nothing appears in this record which brings the case within any recognized exception to the settled and familiar rule that the testimony of a witness upon a purely collateral matter is not subject to contradiction.

[6] The prejudicial effect of this evidence can scarcely be doubted.

Not only was it claimed to refute Bullard's assertion that the adultery indictment had been quashed, but the recitals in the "adjustment" order, in terms and by inference, disclosed a condition of affairs in defendant's household which the jury could not fail to regard as highly discreditable. That their verdict was influenced by the damaging impression which this order would naturally produce seems to us by no means improbable. Moreover, as bearing upon Bullard's credibility, the evidence in question was given a degree of prominence by the following instruction:

"In view of the contention which has taken place between counsel in the courthouse, and that the jury might not be under any mistaken or erroneous conclusion as to what it was, I think it proper that the order should be read. You have heard it, and it is for you to say whether that order agreed to by him shows on his part any admission of guilt, or whether, on the other hand, it was simply done by him in a laudable effort to improve his relations with his wife, and do away with differences."

But the contention between counsel grew out of Bullard's reply to a question concerning a matter entirely foreign to the pending charge of illicit distilling. For that reason the government was bound by his answer, whatever it was, and had no right to contradict him by the record in the case to which the inquiry related. And the difficulty is that the mistaken ruling, however commendable its purpose, permitted the jury to find that Bullard was untruthful in saying that the adultery case had been quashed, and to further find that he had in effect confessed an immorality which is a criminal offense under the laws of South Carolina. The obvious tendency of the evidence, if the jury found against him on this collateral issue, was to place the defendant in a most unfavorable light and thereby give unfair support to the charge for which he was on trial. That the admission of this evidence was reversible error seems to us an unavoidable conclusion.

The judgment of conviction must be set aside and a new trial granted.

Reversed.