## SMITH v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 23, 1926.)

### No. 4732.

1. **Witnesses ⊚⟹277(1)—Defendant, testifying subjects himself to rules applicable to all witnesses, and to cross-examination accordingly.**

Accused, offering himself as a witness, thereby subjects himself to the rules applicable to all witnesses, and may be cross-examined on any matter to which he testifies on direct examination, or which is germane thereto.

2. **Witnesses ⊚⟹337(5)—Defendant, testifying on own behalf, may be impeached by being asked whether he had been convicted of crime, and producing rebuttal evidence on his denial.**

Defendant, testifying on his own behalf, may be impeached by being asked whether he has been convicted of crime, and by producing rebuttal evidence on his denial of such conviction.

3. **Witnesses ⊚⟹405(2)—Defendant's answer as to matter collateral to charge against him bound prosecution, and it was error to admit testimony to rebut his answer.**

Where, on cross-examination of accused, charged with selling narcotics at a specific time and place, he was asked whether or not he had been engaged in business of selling narcotics, which was entirely collateral to the matter with which he was charged, his reply thereto, denying such fact, bound the prosecution, and it was error to permit prosecution to offer rebuttal evidence that defendant had been so engaged.

4. **Criminal law ⊚⟹369(1).**

Testimony to show or tending to show defendant's commission of crimes independent of that for which he is on trial is inadmissible.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

George Smith was convicted of selling, dispensing, and distributing a preparation of morphine contrary to law, and he brings error. Reversed and remanded for new trial.

Warren L. Williams and Seymour S. Silverton, both of Los Angeles, Cal., for plaintiff in error.

Samuel W. McNabb, U. S. Atty., and J. George Ohannesian, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. On the trial of an indictment against the plaintiff in error, charging him with selling, dispensing, and distributing a preparation of morphine contrary to law, he testified in his own behalf

and contradicted the testimony which was adduced against him. Referring to his occupation, he testified that he made sandwiches and pies in a wholesale house, and supplied them to vendors, and was so engaged on the date laid in the indictment. On cross-examination, he again testified to his occupation as that of making and vending sandwiches. He was then asked:

"Q. Outside of that, you haven't been in any other business at all? A. No sir.

"Q. Is it not a fact that you have been dealing in narcotics? A. No sir."

Upon rebuttal, the prosecution called two witnesses, one of whom, in answer to the question whether he knew that the accused was engaged in any other business than that to which he had testified, testified that he did, and that his business was selling drugs. The other witness, in answer to a similar question, testified that the plaintiff in error was engaged in the business of selling narcotics. To these questions objection was interposed that the testimony was irrelevant, not proper cross-examination, and that to ask the questions was misconduct on the part of the United States attorney. In charging the jury the court instructed them that the rebuttal evidence as to the occupation of the plaintiff in error was to be regarded only as affecting his credibility.

[1, 2] We think the admission of that testimony was error for which the judgment must be reversed. When the plaintiff in error offered himself as a witness, he subjected himself to the rules applicable to all witnesses, and he was subject to cross-examination as to any matter which he had testified to on his direct examination, or which was germane thereto. To impeach his testimony he might properly have been asked whether he had been convicted of a crime, and, if he denied that he had been convicted, it would have been permissible to produce the record in rebuttal.

[3] But here he was cross-examined as to a matter collateral to the subject under inquiry. While being tried on a charge of selling narcotics at a time and place specified, he was asked whether or not he had been engaged in the business of selling narcotics. His denial that he had been in that business should have ended the inquiry. The prosecution was bound by the reply. Bullard v. United States, 245 F. 837, 158 C. C. A. 177; Fisk v. United States (C. C. A.) 279 F. 12, 17. Otherwise, the jury will be required to determine the preponderance of the evidence in relation to collateral matters, instead of confining

their consideration to the real question in controversy. Jones on Evidence, §§ 827, 840. "Inquiries respecting the previous conduct of a witness will almost invariably be regarded as irrelevant, if not connected with the cause or the parties. Therefore, if a witness be questioned on cross-examination respecting the commission of crimes by him on some former occasion, his answers must (except in the case of an actual conviction) be taken as conclusive." 3 Taylor on Evidence, § 1438; People v. Molineux, 61 N. E. 286, 168 N. Y. 264, 62 L. R. A. 193.

[4] The effect of the admission of the testimony so complained of was to show or tend to show against the accused the commission of crimes independent of that for which he was on trial. With certain exceptions not applicable here, it is the well-settled rule that this cannot be done. Boyd v. United States, 12 S. Ct. 292, 142 U. S. 450, 35 L. Ed. 1077; Newman v. United States (C. C. A.) 289 F. 712. In People v. Molineux, the court said: "This rule, so universally recognized and so firmly established in all English-speaking lands, is rooted in that jealous regard for the liberty of the individual which has distinguished our jurisprudence from all others, at least from the birth of Magna Charta."

The judgment is reversed, and the cause is remanded for a new trial.