## KELLY v. UNITED STATES.

### No. 901.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 23, 1950.

Decided May 4, 1950.

James J. Laughlin, Washington, D. C., for appellant. William E. Owen, Washington, D. C., also entered an appearance for appellant.

L. Clark Ewing, Assistant United States Attorney, Washington, D. C., with whom George Morris Fay, United States Attorney, Raymond Baker and Joseph M. Howard, Assistant United States Attorneys, Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted under an information charging that on a street in the District of Columbia he invited one Frank N. Manthos to accompany him for a lewd or immoral purpose. Code 1940, Supp. VII, § 22—2701. Of the five assigned errors we find possible merit in only one, consideration of which requires some statement of the factual background.

The trial, without a jury, commenced on a Friday afternoon and the prosecution completed its case that day. The Government's case depended almost entirely on the testimony of Manthos who at the time of the occurrence was a plain-clothes policeman. On cross-examination of Manthos appellant's counsel was permitted to ask if, following the witness' testimony in another case referred to as the Mitchell Grill case, an assistant corporation counsel had charged that the witness committed perjury in that case and had recommended disciplinary action by the Police Department; and, if as a result of such charge, the witness had been demoted and transferred from the plain-clothes squad. The witness answered that no such charge had ever been made, that no official had questioned his truthfulness in the Mitchell Grill case, that his transfer from the plain-clothes squad was because his usefulness there had ceased on account of his becoming well known, and that his transfer was not a demotion but resulted in an increase in pay due to an in-grade promotion. The case was continued until the following Wednesday at 3:40 p. m. due to appellant's counsel's engagement in another court. On that day, apparently about noon, appellant's counsel requested the trial judge to permit the issuance of a subpoena duces tecum to the Superintendent of Police requiring him to appear and bring with him the complete personnel records of Manthos and all correspondence relating to his transfer after the Mitchell Grill hearing. The trial judge refused to authorize issuance of the subpoena. When the trial was resumed appellant's counsel asked that the record show that the subpoena had been requested and denied. Thereupon the following occurred:

"The Court. That subpoena was tendered to the Court and the Court refused to sign and permit the issuance of such a subpoena.

"Mr. Laughlin. Yes, sir. I want the record to show that if he was present he would testify to the fact that if—that if Officer Barrett was present he would testify that he directed the transfer of Officer Manthos as a result of his testimony in the Mitchell Grill case.

"The Court. Of course, the Superintendent of Police has the power to transfer all officers under his supervision in the District of Columbia.

"Mr. Laughlin. He has that right, I know, but we want to show that it was the result of the Manthos testimony in the Mitchell Grill case.

"The Court. I see. That is settled. Suppose you proceed. Next witness."

■■ Appellant claims that the court's ruling was a violation of his right, guaranteed by the Sixth Amendment to the Constitution, to have compulsory process for obtaining witnesses. The Sixth Amendment grants to an accused the same right of compulsory process ordinarily recognized as possessed by parties in civil cases and the prosecution in criminal cases, but it gives the accused no greater right. Wigmore, Evidence (3d ed.) § 2191. The rule is well established that a party is not entitled of right to a subpoena duces tecum in any form, at any time and under any circumstances. A subpoena duces tecum too indefinite in terms, too broad in scope or un-

timely requested may be properly denied. The subpoena in question appears sufficiently definite and limited in its terms, and, although requested only a few hours before trial was resumed, its issuance would not appear with any certainty to have delayed the trial in view of the fact that police headquarters are only a few blocks from the trial court. At any rate the court did not place its refusal on any of those grounds.

In addition to the grounds heretofore mentioned another ground has been recognized as justifying refusal of issuance of a subpoena duces tecum, namely, that the evidence called for is incompetent or immaterial; and this appears to be the ground on which the subpoena was refused in this case. This ground has given rise to more controversy than any of the others. Some courts have held that the right to a subpoena duces tecum is dependent on satisfactory preliminary showing that the documents called for are prima facie competent and material evidence, thus in effect placing the burden on the party to establish his right to the subpoena. Other courts have ruled in substance that the subpoena should issue unless it shows clearly on its face that the evidence is not admissible, resolving any doubt in favor of the applying party. This latter rule is the one, as we see it, adopted by Chief Justice Marshall in United States v. Burr, C.C., 25 Fed.Cas. 30, 35, No. 14692d, where he said that "the court has no right to refuse its aid to motions for papers to which the accused may be entitled, and which may be material in his defence." This rule recognizes that the question of competency and materiality may more intelligently and correctly be answered at the time the evidence is produced and offered than at the time of application for the subpoena; and this rule enables the party, if the evidence is refused, to have his offer and the refusal made of record and his rights on appeal preserved.

Under the Federal Rules of Civil Procedure, Rule 45, 28 U.S.C.A. and the Federal Rules of Criminal Procedure, Rule 17, 18 U.S.C.A., an even broader practice prevails. Under those rules, a party is entitled to receive from the clerk of court a subpoena duces tecum signed and sealed, but otherwise blank, and permitted to fill it in without submission to or permission from the court. On timely motion the subpoena may be quashed if compliance would be unreasonable or oppressive. This practice in the federal courts and many of the state courts of issuing subpoenas duces tecum in both civil and criminal cases as a matter of course recognizes the inherent difficulty of determining the relevancy or competency of evidence in advance of its actual production in court, and approves the soundness of Chief Justice Marshall's ruling that a party is entitled to aid of the court in obtaining any evidence which *may* be material.

■ The Municipal Court, by its civil rule No. 41, has adopted the federal practice in civil cases but not in criminal cases. There is no rule in the trial court with respect to the issuance of subpoenas duces tecum in criminal cases, but the practice there appears to require the approval of the court for the issuance of such a subpoena. Thus the question before us is whether under the existing practice of the trial court refusal to approve issuance of the subpoena was justified.

In view of the federal rules in both civil and criminal cases and the trial court's own rule in civil cases, we think it would have been better policy to issue the subpoena and rule on the admissibility of the evidence when offered, but we find no prejudicial error in the action of the court.

■■ It seems quite clear that the evidence sought to be obtained by the subpoena duces tecum was for the purpose of contradicting Manthos's statement on cross-examination that he had not been transferred as a result of his testimony in the Mitchell Grill case. What testimony the witness had given in another case and what had occurred as a result of such testimony was purely collateral to any issue in the present case. There was no factual connection between the two cases. The rule is generally that "the inquiring party is concluded by the witness' answer when cross-examination relates to a matter collateral to the issues, and he may not later rebut it for purposes of impeachment." Ewing v.

United States, 77 U.S.App.D.C. 14, 21, 135 F.2d 633, 640, certiorari denied, 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145.[1] "The test of whether or not a fact inquired of in cross-examination is collateral is: Would the cross-examining party be entitled to prove it as a part of his case; if so, it is not collateral; otherwise, it is." Stephens, J., concurring in Martin v. United States, 75 U.S.App.D.C. 399, 402, 127 F.2d 865, 868. We know of no theory under which appellant as a part of his case could have introduced evidence that Manthos as a result of his testimony in a prior and totally unrelated case was transferred to another assignment by the Superintendent of Police, even though the transfer was brought about by charges concerning the truthfulness of his testimony in that case. As the evidence sought by the subpoena would not have been admissible, refusal to issue the subpoena was not error.

Affirmed.

CLAGETT, Associate Judge (dissenting).

I believe a new trial should be ordered in this case because of the refusal of the trial court to authorize a subpoena duces tecum directed to the chief of police to bring to court the file of a policeman upon whose testimony the government relied chiefly for the conviction of appellant. Admittedly, under the rules of criminal procedure now applicable to United States district courts and under the federal practice generally, a party receives from the court a subpoena duces tecum signed and sealed but otherwise blank, and it is filled out by the party or his attorney. Any dispute over the subpoena or over the scope of the material sought is then resolved on motion. The subpoena itself, however, is issued without question. The Municipal Court, however, retains the old practice of having the trial judge authorize such a subpoena in a criminal case before it is issued, although in civil cases it now follows the federal practice. The majority of the court justifies the refusal to issue the subpoena duces tecum in the present case on the ground that the evidence sought to be adduced was irrelevant. I can not agree to passing on the admissibility of evidence before it is tendered. Here it was assumed that the desired file would show whether the policeman involved had been transferred because of perjury and that such evidence was not admissible. This might or might not have been the issue. When this witness was on the stand, he was asked also whether his transfer occurred before or after the trial of another case. The witness insisted that he had been transferred before the trial of the other case. Probably the file would have shown the facts on this point without reference to anything else, and in this regard, at least, would, in my opinion, have been admissible. In any event, I believe the practice of passing in advance on evidence sought by a subpoena is bad, is antiquated, and should no longer be recognized.

1. See also United States v. Sager, 2 Cir., 49 F.2d 725, 730; Simon v. United States, 4 Cir., 123 F.2d 80, 85, certiorari denied, 314 U.S. 694, 62 S.Ct. 412, 86 L.Ed. 555; Smith v. United States, 9 Cir., 10 F.2d 787, 788; United States v. Klass, 3 Cir., 166 F.2d 373.