**Lathein CROCKLIN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16821.**

United States Court of Appeals
Fifth Circuit.

March 5, 1958.

J. Willis Conger, Conger & Conger, Bainbridge, Ga., for appellant.

Frank O. Evans, U. S. Atty., Joseph H. Davis and Robert B. Thompson, Asst. U. S. Attys., Macon, Ga., for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a conviction for violation of 26 U.S.C. § 5008(b) (1) and § 5642, relating to illegal possession of nontaxpaid whiskey. Appellant was convicted on a four count indictment which charged possession on four different dates.

The appellant in oral argument abandoned his contention that the evidence did not support the verdict. This concession makes it unnecessary to discuss the evidence except as it bears on the remaining substantial issue in the case. That issue is whether the reference in the United States Attorney's final argument to the jury of the possible harmful effect of the sale of "bootleg" liquor was improper and prejudicial. The government proved its case by the positive testimony of an investigator of the Treasury Department, Alcohol Tax Unit, who testified that he personally bought whiskey on four occasions from appellant; that appellant operated a "juke" joint where there was a barbecue

stand and dancing; that he observed the place on seven or eight occasions and saw drinking and dancing and saw people drinking in front of the place and some people carrying whiskey bottles in and out of the place, and saw people arriving drinking and driving away drunk. No objection was made by appellant to any of this testimony which he sought to rebut by proving that the place was only a quiet woodyard and barbecue stand. While the presence or absence of liquor on the premises may have been admissible to support the government's proof of four actual purchases, especially in light of the denial by appellant that he had ever possessed any liquor at his cafe, some of the foregoing evidence would doubtless have been ruled out if objected to. The fact that it had been admitted without objection by appellant throws much light on the possible harm that might result from argument to the jury embodying some of the same objectionable features.

■ The entire argument of counsel is not before us. The criticism is to only the following words during the United States Attorney's argument: "child from being maimed or killed out there on the highway." There is a proper way in which the entire context of the statement could have been brought up in the record. No such effort was made. We do have the objection of counsel and the explanation of the prosecuting attorney and the ruling of the court.[1] Counsel

for appellant did not move for a mistrial. In fact the case was submitted to the jury, and one "Gun" Brown, a joint defendant in one of the four counts, was acquitted. The general rule is well illustrated here: that an accused may not by failing to ask for a mistrial, gamble on winning before the jury, and then, for the first time, on appeal ask for a reversal when he loses his gamble. The fact that the jury acquitted one defendant, the one against whom the weaker case was made out, evidenced the fact that it did a discriminating job and was not carried away by prejudice or irrelevant comment. Appellant did not even assign the remarks of counsel as a ground for new trial when he filed his motion for new trial.

Appellant relies heavily on the case of Handford v. United States, 5 Cir., 249 F.2d 295, 296, tried the day previous to this case and reversed by us because of prejudicial error in the argument of counsel. Handford was convicted on circumstantial evidence which "was far from conclusive." In his argument to the jury there in a liquor case the United States Attorney stated that "too many of his friends and his friends' children get run over up and down the highways." We there said in reversing the conviction:

"The Court's conclusion is directly related to the indecisiveness of the evidence supporting the verdict. In a close case, appeals to prejudice take on added weight. When the

---

1. "Mr. Conger:

"If Your Honor please, I have sat very patiently here. I hate to interrupt, but I think that argument is highly inflammatory and improper and has nothing to do with the evidence in this case. To get up here and say that this jury's verdict might save one of their children on the highway I think is definitely objectionable, and I object to it.

"By the Court:

"Do you want to be heard on that, Mr. Evans?

"Mr. Evans:

"Yes sir. I think I am entitled to draw the conclusions that reasonably come from the Government's evidence. I think that I have got a right to argue to the

jury that it is a common sense proposition that where this moonshine liquor is being sold—

"By the Court:

"Well, I don't think I'm going to let you go into that, because this jury, of course, will be interested in only one thing, not in the ultimate consequences down the line, not in any consequences. They are interested solely in the truth of the question, did these fellows sell whiskey. Of course if they did they ought to be convicted regardless of the consequences. If they did not they ought to be turned loose regardless of consequences, so I don't believe I would go into that."

scales of justice may tip either way and a man's liberty lies in the balance, courts must be especially vigilant to protect an accused. It is necessary therefore to take a long, hard look at the record."

Such a long, hard look disclosed that only one witness testified. The evidence connecting Handford with the possession there was entirely circumstantial and we quoted from the case of Berger v. United States, 295 U.S. 78, 86, 89, 55 S. Ct. 629, 633, 79 L.Ed. 1314, in holding that the conviction should be reversed:

> "If the case against [defendant] had been strong, or, as some courts have said, the evidence of his guilt 'overwhelming,' a different conclusion might be reached."

We hold here that the evidence was "strong," so strong in fact that appellant does not argue its insufficiency to support a verdict. Moreover, here we think the trial court effectively told the jury to disregard any statement of this character. Its instruction here was more effective than that given in the Handford case. Taken in the context of the entire trial, when without objection it had already been testified that the appellant was running a "juke" joint where he was openly selling whiskey; that people in automobiles "arrived drinking and drove away drunk," there was no such prejudicial error in the challenged argument as would require a reversal.

We have considered appellant's criticism of the court's failure to charge the jury to the effect that if the government cross examined appellant's witness on matters not touched on in direct, then the government was bound by the witness's testimony. Appellant cites as authority for this rule a number of cases [2] which hold that when the *defendant* is cross examined as to *other crimes* the government is so far bound by his answer that it cannot rebut such

testimony. This is a well recognized and salutary rule which prevents the main trial from becoming also a re-trial of the previous offense. If a more general rule prevails that a defendant is entitled to such a charge as here requested, for which no specific authority has been brought to our attention, we are satisfied that no prejudicial error here resulted from a failure to give the charge. The testimony of Millirons on cross examination, when carefully read, was not harmful to the government's case and a charge that the government was bound by his answers would not have materially approved appellant's case.

The judgment is affirmed.

2. Fisk v. United States, 6 Cir., 279 F. 12; Bullard v. United States, 4 Cir., 245 F. 837; Smith v. United States, 9 Cir., 10 F.2d 787, 788; Coulston v. United States, 10 Cir., 51 F.2d 178.