## JAMES HAMILTON v. THE PEOPLE.

*Bastardy—complaint—demurrer to specific charges—Jury cannot pass on sufficiency of complaint—Impeachment of witness.*

A complaint for bastardy made March 20, 1880, and alleging existing pregnancy, is not invalidated by complainant's uncertainty whether it was caused September 15, October 1 or October 15, 1879, it appearing also that the child was born June 26, 1880.

A complaint for bastardy may properly be read at the trial, especially where complainant and defendant are thoroughly examined and cross-examined, and the complainant's examination covers everything which the complainant set forth.

A witness cannot be impeached by contradiction on collateral matters.

A jury cannot pass on objections to the sufficiency of a complaint for bastardy nor decide whether evidence has been improperly received under it.

Objections to specific charges in a complaint for bastardy as irrelevant and unsustained by proof, should be specifically made, and not raised by a general objection that the court should have charged the jury that the complaint must set forth the time and place of the offence and the allegation must accord with the law of nature and that proofs must be confined to the complaint.

Certiorari to St. Joseph Circuit Court. Submitted April 27. Decided June 8.

BASTARDY. Respondent brings *certiorari*. Affirmed.

*William L. Stoughton* for plaintiff in certiorari, as to insufficiency of complaint, cited Comp. L. § 1973; Tiff. Crim. Law, 265; *Hull v. People* 41 Mich. 167; *Cross v. People* 10 Mich. 25; the evidence to impeach complainant was competent: *Strang v. People* 24 Mich. 6; *People v. Benson* 6 Cal. 221; Stephen on Evid. 179; 2 Whart Cr. L. §§ 1151–2.

Attorney General *Jacob J. Van Riper* for the People. A complaint for bastardy was held sufficient which alleged that between the 1st and 15th days of July, 1853, complainant was made pregnant with a child: Tiff. Crim. Law 266; *Beals v. Furbish* 39 Me. 469; if other acts may be shown, at one of which the child may have been begotten, it can be alleged: *Bassett v. Abbott* 4 Gray 69; *McNamee v. People* 31 Mich. 473; a question as to a fact which could not have been connected with the act complained of could not be asked by way of impeachment: *Dunn v. Dunn* 11 Mich. 285; *Geary v. People* 22 Mich. 222; *Newcomb v. Griswold* 24 N. Y. 299.

CAMPBELL, J. Plaintiff, who was defendant in a bastardy charge, brings *certiorari* to review the proceedings. The first error complained of relates to the sufficiency of the complaint. This was made on the 20th of March, 1880, and set forth the existing pregnancy of Mary Gloman, the complainant, and mentioned that it arose from three acts of intercourse had September 15, October 1, and October 15, 1879, but which of these she was unable to state. Hamilton was arrested, examined, and bound over, to appear in the circuit court for St. Joseph county. The child was born June 26, 1880.

We think the complaint was sufficient, and that there is nothing legally or otherwise impossible in the alleged ignor-

ance, when the complaint was made, which of the three acts of intercourse led to the result.

The objection to reading the complaint on the trial at the circuit is frivolous. The statute requires it, and it is necessary to inform the jury concerning the precise charge. We need not consider what effect it might have by itself in evidence. It was given no effect of that kind here, and the complainant was thoroughly examined and cross-examined, and so was the defendant. Her examination covered all the matters set out in the complaint, and the jury acted on the evidence.

It is also objected that testimony was shut out of statements made in January, 1879, by the complainant to one Eugene Fort, that she was then in illicit relations with one Carpenter. The court, however, did not shut out this testimony. The witness answered the question in the negative. A dispute then arose in which the defence claimed they could introduce such questions for purposes of impeachment. The court said it might be done by way of cross-examination, but that it related to collateral matters and could not be contradicted. The defence insisted on offering it as a foundation for impeachment.

The ruling was correct. A witness cannot be impeached by contradiction on matters purely collateral. It was impossible for conduct in January, 1879, to have any bearing on the birth of the child in the summer of 1880. But after an answer had been received we do not see how this question could have arisen until an attempt had been made to contradict her. There is no ground on which complaint can properly be made of the rulings.

Objection was also made that the court erred in refusing to charge that the complaint must set forth the time and place of begetting the child, and that this must accord with known facts and the law of nature, and that the proofs must be confined to such complaint.

We do not think the court was bound to lay down any abstract views to the jury. If defendant desired to object to the sufficiency of the complaint, that was a proper ques-

tion which had been previously raised and decided by the court. It was not the business of the jury to decide it. Neither was it the business of the jury to determine whether evidence had been improperly received. If there was supposed to be no testimony to go to the jury that question might have been presented definitely. And if specific charges in the complaint were deemed irrelevant or unsustained by proof they also should have been specifically noted.

But if, as we suppose, defendant desired to claim there was not evidence to go to the jury on the only real issue in the cause, which was the paternity of the child as begotten at one of the times set forth in the complaint, we have no doubt the jury fully considered the whole subject and had evidence authorizing the verdict they rendered. The complainant swore positively to every act set out in the complaint, and the jury were told that any wilful falsehood would authorize them to treat it all as unreliable, if it should so strike them. The defendant was sworn on his own behalf and the jury seem to have believed complainant, as they had a right to do, and disbelieved him.

We discover no error in the proceedings, and they must be affirmed with costs.

The other Justices concurred