## DAY v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. February 18, 1915.)

### No. 1264.

1. CRIMINAL LAW ⊜⇒369—EVIDENCE—SIMILAR OFFENSES.

On a trial for carrying on the business of a wholesale liquor dealer in the years 1910 and 1911 without paying the special tax as required by law, in which accused claimed that he acted merely as the agent of his brother, in whose name the distillery was bonded, and there was no proof of general facts and circumstances such as usually indicate occupation, and it therefore became necessary for the government to show particular sales of such character and number as would justify a finding that accused carried on the business for himself, it was error to admit evidence of sales in 1909, similar in character and about equal in number to the transactions proved in 1910, as such sales did not show that accused carried on such business in 1910, and were not admissible to prove accused's intent, as his intent was no part of the offense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 822–824; Dec. Dig. ⊜⇒369.]

2. CRIMINAL LAW ⊜⇒436—EVIDENCE—DOCUMENTARY EVIDENCE.

On a trial for carrying on the business of a wholesale liquor dealer without paying the special tax as required by law, where it was the government's contention that accused's claim that he was acting as agent for his brother, in whose name the distillery was bonded, was merely a subterfuge, and that he was running the business for himself, an official form, supposed to show all the operations of the distillery for a particular season, including the dates when, and persons to whom, sales were made, and a record of the visits of government officers, signed by themselves, should have been admitted, as it was not, as claimed, a mere self-serving declaration; no reason being suggested for false entries therein.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1023; Dec. Dig. ⊜⇒436.]

Woods, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Western District of Virginia, at Lynchburg; Henry Clay McDowell, Judge.

George S. Day was convicted of an offense, and he brings error. Reversed and remanded.

Charles A. Hammer and John Paul, both of Harrisonburg, Va., for plaintiff in error.

Richard E. Byrd, U. S. Atty., of Richmond, Va., for the United States.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge. The plaintiff in error (defendant below) was convicted of carrying on "the business of a wholesale liquor dealer without having paid the special tax therefor as required by law." The indictment contains two counts: the first charging commission of the offense in the year 1910, and the second charging a like violation of the statute in 1911. The facts which appear to be material and the contentions disclosed by the assignments of error may be summarized as follows:

The distillery in question, which is located near Timber Ridge, in the county of Rockbridge, Va., was operated for a number of years for the production of apple brandy. During the years named in the indictment, and apparently before that, the land on which the distillery building stands, if not the building itself, was owned by defendant's wife, while the distillery apparatus and fixtures belonged to his brother, T. T. Day, who lived some 50 miles away in Amherst county, but who spent more or less of his time at Timber Ridge during the brandy-making season. In the previous years of operation, as well as in 1910 and 1911, the distillery was bonded by T. T. Day. The defendant asserts that the business at all times belonged to his brother and was actually conducted by him, and that he was merely the agent of his brother in looking after the distillery and selling the brandy produced. The government contends that, although the distillery was bonded by T. T. Day, the business in fact was carried on by the defendant, and the sales in question made for his own benefit. This appears from the following clear statement in the charge to the jury:

"If you believe from the evidence beyond all reasonable doubt that the defendant made the sales of brandy as testified by the government witnesses in chief, and if you also believe beyond all reasonable doubt that the defendant was in fact the owner and proprietor of the distillery in question at the time said sales were made, you should find him guilty as charged in the indictment, although you may believe that in making such sales the defendant was ostensibly acting as the agent of T. T. Day. On the other hand, if T. T. Day was in fact the proprietor of the distillery, and if in making the aforesaid sales of brandy the defendant was in fact acting as the agent of said T. T. Day, you should acquit the defendant. You are further instructed that an agent, if such in fact, may lawfully do any act which his principal may lawfully do."

[1] In making out its case the government was allowed to show, against the defendant's objection, that he had made sales of brandy in his own name in November, 1909, and two checks in payment thereof, drawn to his order by one Willis, and dated the 9th and 24th of that month, were received in evidence. Later in the trial, when the defendant was under cross-examination, the government was permitted, against his objection, to introduce in evidence two checks drawn to his order by one Franey, dated, respectively, December 17 and 24, 1909, which he admitted were given to him in payment for brandy. It thus appears that at least four transactions in 1909, similar in character and about equal in number to the transactions proven in 1910, were allowed to be shown by the government in support of the charge of carrying on the business of a wholesale liquor dealer in the years covered by the indictment.

We are of opinion that it was error to admit this evidence, and its prejudicial effect can scarcely be doubted. It is a familiar and long-established rule that similar acts or misdeeds of the accused are inadmissible against him, except where they are material in proof of some necessary element of the offense for which he is on trial. This rule is laid down by all the text-writers and in numberless decisions. An exception is found in cases where the criminality of the act depends upon the intent of the accused, and the wrongful intent must therefore be established. In such cases evidence may be given of prior mis-

conduct of like character, for the purpose of proving the intent with which the particular act was committed. But it seems clear to us that the offense for which the defendant was indicted does not embrace the element of intention. No such element is included or implied in the language of the section which he is charged with violating, and nothing in its provisions or purpose indicates that proof of intent is necessary to warrant conviction. Moreover, it was not claimed that defendant openly engaged in, or held himself out as carrying on, the business of a wholesale liquor dealer. The distillery with which he was connected was bonded by the brother, in whose name and for whose benefit it was ostensibly conducted.

There was no proof of general facts and circumstances, such as usually indicate an occupation, from which the jury could find that the business was in fact carried on by defendant; and it therefore became necessary for the government to show particular sales of such character and number as would justify a finding that he carried on the business for himself, and so came within the statutory prohibition. But it was the nature of these transactions and the circumstances attending them, whether they disclosed the defendant as acting for himself or as agent for his brother, which the jury was authorized to pass upon, and he could not be heard to say that he did not intend to be a wholesale liquor dealer, if his acts and doings warranted the inference that he was actually engaged in that business. In other words, the question of his guilt or innocence turned upon what he did, upon the deductions justified by the transactions themselves, and not at all upon his motive or intention. It follows from this, as we think, that evidence of similar transactions in the year 1909 was erroneously received. The sales made in that year did not show that defendant "carried on the business" of a dealer in 1910, and proof of such sales was not necessary or proper to show his intent respecting the sales he made in the last-named year, because intent is no part of the offense for which he was indicted. We have examined all the authorities cited by the learned counsel for the government, and are satisfied that none of them sustains his contention. Indeed, it seems to be well settled that exception to the rule which excludes proof of prior misconduct is limited to cases in which intent is a necessary element of the offense charged. In our judgment this is not such a case, and therefore does not come within the exception.

[2] We are further of opinion that under the circumstances of this case the defendant was entitled to put in evidence the entire record described as form 25½. The trial court admitted the entries relating to the particular sales which the government proved, but excluded the balance of the record. As we understand it, this is an official form, which is supposed to show all the operations of the distillery for the particular season, the entries covering fruit bought, pomace made, brandy distilled therefrom, times when it was gauged, and disposition made of the product, including the dates when and persons to whom it was sold. It also contains a record of the visits of government officers signed by themselves. Bearing in mind that the defendant was charged with running this business for himself, and that his claim to be acting as agent for his brother is asserted to be

a mere subterfuge, we think the record kept from day to day of what was actually done at the distillery, showing, among other things, in whose name the output purported to be shipped, was proper evidence for submission to the jury.

It seems to us hardly sufficient to say that this form is only a self-serving declaration. No reason is suggested for making false entries in a record which appears to have been always open to inspection by the revenue officers, whose visits were attested by their signatures. If this record disclosed a large number of sales during the period in question, which were generally entered as sales by T. T. Day, and contained other indications that he was the real proprietor, it would in our judgment be admissible as tending to negative the government's contention that the business was in fact carried on by defendant. Without amplifying the argument, we are constrained to hold that the record as a whole was improperly excluded.

The other assignments of error are not sustained; but, for the reasons stated, we are of opinion that the judgment should be reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed.

WOODS, Circuit Judge (dissenting). Evidence of carrying on the business of a wholesale liquor dealer at any time before bill found, within the statutory limitation, was admissible. Ledbetter v. United States, 170 U. S. 610, 18 Sup. Ct. 774, 42 L. Ed. 1162. Besides, the charge of the government really was that the defendant was carrying on the business himself under a license issued to his brother. This involved the element of deceit, and evidence of other like transactions fell within the principle of the rule that similar acts to those charged may be proved where intent is involved. Wigmore on Evidence, §§ 216 and 300.

The testimony on both sides was very full as to the sales alleged by the government to have been made in the defendant's own name, including the book entries. This was a practical admission by the government that the other sales appeared regularly on the books as made and entered in the name of the defendant's brother who held a license.

For this reason, it seems to me the defendant was not prejudiced by the refusal to admit the books themselves.