## CARPENTER v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. March 4, 1922.)

No. 1929.

1. **Criminal law ⬤⇒369(6)—Evidence of operation of still held admissible in prosecution for sale of liquor.**

Under an information charging defendant with illegal sale of whisky at his house, evidence that a still had been operated at a place three-quarters of a mile distant from the house, and that there was a path between the two places, *held* admissible.

2. **Criminal law ⬤⇒369(6), 1169(11)—Admission of evidence of other sales held error, but harmless.**

In a prosecution for possessing and selling liquor in violation of National Prohibition Act, admission of evidence of other sales, prior to the taking effect of the act, and not shown to have been connected with those charged, *held* error; but, in view of other evidence which clearly warranted conviction, such error *held* without prejudice and not ground for reversal under Judicial Code, § 269, as amended (Comp. St. Ann. Supp. 1919, § 1246).

3. **Criminal law ⬤⇒369(6)—Evidence of prior sales admissible under charge of maintaining nuisance.**

On a charge of maintaining a common nuisance under National Prohibition Act, tit. 2, § 21, by the sale of liquor on certain premises, evidence of prior sales there at near the same time and while before that act went into effect, at a time when such sales were illegal, *held* material and competent.

4. **Criminal law ⬤⇒1147—Sentence within limits prescribed by statute not reviewable.**

The question whether a sentence is excessive, where it is within the limits prescribed by the statute, cannot be considered by the appellate court.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; Edwin Y. Webb, Judge.

Criminal prosecution by the United States against Mack Carpenter. Judgment of conviction, and defendant brings error. Affirmed.

B. J. Pettigrew, of Charleston, W. Va. (W. S. Wysong, of Webster Springs, W. Va., on the brief), for plaintiff in error.

Lon H. Kelly, U. S. Atty., of Charleston, W. Va.

Before KNAPP, WOODS, and WADDILL, Circuit Judges.

WADDILL, Circuit Judge. The plaintiff in error, hereinafter called the defendant was proceeded against by information for violation of the National Prohibition Law, known as the Volstead Act (41 Stat. 305).

The information contained four counts: First, that on the 20th day of July, 1920, the defendant possessed and unlawfully transported certain intoxicating liquors; second, that on the ――― day of July, 1920, the defendant unlawfully manufactured intoxicating liquors; third, that on a day subsequent to the 17th of January, 1920 (on which date the Volstead Act became effective), the defendant unlawfully sold intoxicating liquor in contravention of said act; and, fourth, that during:

the said year 1920, and subsequent to the 17th day of January, the defendant owned, controlled, occupied, and maintained a certain room, house, building, structure, and place where intoxicating liquors were then and there being manufactured, kept, bartered, and sold, and that he then and there and by means thereof maintained a common nuisance.

The jury returned a general verdict of guilty on the information, and the court fined the defendant $500, on the first count, and sentenced him to imprisonment for 12 months for maintaining a nuisance, under the fourth count. From this action of the District Court the writ of error was sued out.

The defendant assigned sundry errors, particularly to the action and ruling of the court in the admission of testimony pending the trial; the first assignment being that testimony was admitted of the existence of a still some three-quarters of a mile away from defendant's residence, where it is claimed the whisky was sold, and that such evidence related to something too remotely connected with the offense for which he was being tried, and should not have been admitted. The second, third, fourth, and fifth assignments relate to the admission of testimony of other alleged sales of liquor by the defendant, which occurred in the month of December, 1919, prior to the passage of the Volstead Act, and which defendant insisted could not be introduced to prove offenses under that act, and for which he was being tried. Assignment sixth related to a statement by the court to the jury as to what consideration should be given to the testimony adduced of other alleged offenses than those covered by the information.

The record is not as complete as it should be for intelligent consideration by this court. It is evident that the defendant relied chiefly upon the exceptions and assignments of error mentioned, though upon the hearing it was agreed between counsel for the defendant and the government that the entire testimony as taken by the stenographer should be submitted to this court for its consideration of the case upon its merits. We will accordingly consider the case upon the assignments of error as made and upon the testimony.

[1] The question raised by the first assignment relates entirely to whether the evidence, excepted to, referred to an occurrence too remotely connected with the offense charged, to be taken into account on the trial of the accused. The court thinks that the exception bears more particularly upon the weight that should be given to this testimony. It is true that parts of a still, and evidence of the manufacture of intoxicating liquors, were found some three-quarters of a mile away from the residence of the defendant, and that there was another house nearer to the still than that of defendant; but there was a path or road directly from the residence of the defendant to the still in the woods, and it was within the discretion of the court to allow the testimony to be introduced, leaving to the jury to determine under all the facts and circumstances, the weight to be given to the same. Whisky had been undoubtedly sold upon the defendant's premises about the time; whisky was found there; and the existence of the still in connection therewith was the subject of legitimate consideration by the jury. Barton v. United States (C. C. A.) 267 Fed. 174, 175; Bishop

on Stat. Crimes (3d Ed.) 1078 and note; 1 Greenleaf on Evid. (15th Ed.) § 13; 16 Cor. Jur. 561, § 1078.

The questions raised by the second, third, fourth, and fifth assignments bear entirely upon whether the testimony of sales, other than that for which the defendant was tried and convicted, should be introduced at all, and, if so, whether evidence having relation to sales made prior to the time the National Prohibition Act became effective, should not, for that reason, have been rejected. This question is not free from difficulty, and will be considered from a three-fold viewpoint:

[2] First. Undoubtedly sales at time other than those covered by the information, and apparently in no way related directly to the offense charged, should not be received in testimony (Day v. United States, 220 Fed. 818, 136 C. C. A. 406), unless the element of intent is in some way involved. Intent is not charged here, nor is it material that it should be, so far as the sale or possession is concerned, as the mere selling or possessing is an offense under the law. Hence this evidence on the counts of the information for possession and sale should not have been admitted, though we are not inclined to believe that it was prejudicial to the defendant, as there was ample evidence not covered by the exception, to warrant the conviction for unlawful possession and sale, if the jury believed the same, which in the light of their verdict, we assume they did.

Second. Was there prejudicial error in the admission of this testimony, for which reversal should be had? We think, for the reasons stated, there was not. Evidence of the possession and sale of intoxicating liquor by the defendant after the date of the Volstead Act was clear and positive, and evidence of the manufacture of intoxicating liquor was fairly inferable from all the circumstances. The testimony of the possession and sale of liquor was sufficient to warrant a conviction under the count of the information for having in possession, if believed by the jury. Judicial Code, § 269, as amended, Comp. St. Ann. Supp. 1919, § 1246; Dye v. United States, 262 Fed. 6; Sneierson v. United States, 264 Fed. 275 (both decisions of this court).

[3] Third. Whether testimony as to other sales was not permissible under the fourth count of the information, with a view of establishing the maintenance of the nuisance, presents a different question, and as to that we are quite clear that evidence of other sales at and about the date of the alleged nuisance was proper, as bearing on the creation and maintenance of the same; and the fact that this testimony related to a period prior to the Volstead Act becoming effective is immaterial, in view of the close relation it had to the transactions covered by the information. It was unlawful to sell intoxicating liquors before as well as after the Volstead Act went into effect on the 17th of January, 1920, and hence the various sales as to which testimony was introduced, occurring in the previous December, were properly, in our judgment, admitted, as throwing light upon the character of the place where the alleged nuisance was maintained.

The sixth assignment of error, in the light of what we have stated as to the materiality of this testimony, furnishes no just cause of ex-

ception. The trial judge properly explained to the jury that they could convict only for sales after the Volstead Act became effective, and what was otherwise said as to the weight to be given to this evidence becomes immaterial, in our view that the admission of the testimony was harmless error.

Having thus passed upon the six assignments, it is proper that the court should say that we have fully and carefully considered the case on its merits, upon the testimony offered for our consideration by agreement of counsel, and are forced to the conclusion that the verdict of the jury was plainly right, and that no error occurred in the trial of which the defendant can justly complain.

[4] It is urged with great earnestness that the punishment imposed upon the defendant is greater than under the law should reasonably have been inflicted. With that question we have nothing to do, as the same was in the province of the District Court, within the limits prescribed by statute; but we feel that the same will be given proper consideration by the executive branch of the government, if asked for.

The judgment of the lower court will be affirmed.

Affirmed.