## BEYER v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. July 14, 1922.)

No. 2849.

1. **Criminal law ⬅369(6)—Immaterial as to sale that accused had intoxicating liquor In his posession prior to date laid in information.**

In a prosecution for the sale of intoxicating liquor, it was immaterial whether or not accused had liquor in his possession at the time and place laid in the information; possession of intoxicating liquor and the sale thereof being separate and distinct offenses.

2. **Witnesses ⬅405(2)—Irrelevant answer cannot be contradicted.**

Where a witness answers a question on a matter irrelevant to the issues, he cannot be contradicted by other evidence.

3. **Witnesses ⬅277(1)—Accused, testifying, subject to same liabilities and entitled to same privileges as other witnesses.**

In a criminal prosecution, the accused, in testifying, subjects himself to the same liabilities and is entitled to the same privileges as other witnesses.

**4. Criminal law ⚷⟹1169(11)—Admission of evidence of possession of liquor prior to date laid in information charging sale prejudicial.**

In a prosecution for the unlawful sale of intoxicating liquor, the admission of evidence that at another time the accused had liquor in his possession, while collateral and immaterial so far as establishing the issue on trial was concerned, was detrimental and prejudicial.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Louis J. Beyer was convicted of the unlawful sale of intoxicating liquor, and he brings error. Reversed, and new trial granted.

J. R. Woodruff, of Newark, N. J., for plaintiff in error.

Walter G. Winne, of Hackensack, N. J., and Frederic M. P. Pearse, of Newark, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Criminal information was filed against the defendant, Beyer, charging that on June 19, 1920, at Newark, he "unlawfully, willfully, and knowingly did have in his possession for the purpose of sale, and did sell a quantity of intoxicating liquor." He was tried, convicted, and sentenced. He is here on writ of error, on the ground, among other things, that the trial judge committed error in the admission of testimony.

The defendant testified, in his direct examination, that he did not sell any liquor that day, June 19, 1920, and had not sold any "since the time prohibition started." Under cross-examination, he testified that he had not had any liquor in his place at 139 Halsey street, Newark, N. J., since "the 1st day of July, 1919, when prohibition went into effect." He was then asked by the United States attorney if he recalled a seizure of liquor being made in his place on March 10, 1920. An objection was made to this question, and after some discussion, in which defendant's counsel maintained that he had not asked him about anything prior to June 19, 1920, the court said:

"He [defendant] said to the district attorney that he had nothing there from the time that prohibition went into effect, and now he is asking him about that; I think it is perfectly proper."

Defendant then answered that he might have had a bottle in his place that day for himself. Government witnesses in rebuttal were permitted to testify to finding three bottles of liquor in defendant's café on June 10, 1920. The criminal information contains only one count. The defendant was charged, tried, convicted, and sentenced to imprisonment for five months at hard labor in the Essex county penitentiary for selling liquor.

[1, 2] Possession is a crime separate and distinct from the crime of the sale of liquor. Consequently, in the trial of the defendant for the sale of liquor in his café at 139 Halsey street, Newark, on June 19, 1920, it was immaterial whether or not defendant had liquor in his possession there at some previous time. The existence or nonexistence of that fact would not prove or disprove the issue on trial.

⚷⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"If a question, which is collateral or irrelevant to the issue, is put to a witness, his answer cannot be contradicted by the party who asked the question, but it is conclusive against him." Hamilton v. People, 46 Mich. 186, 9 N. W. 247; Stokes v. People, 53 N. Y. 164, 13 Am. Rep. 492; Blakey v. Blakey, 33 Ala. 611, 619; Greenleaf on Evidence (16th Ed.) §§ 449, 461e.

[3] Possession at some other time was irrelevant and immaterial to the issue, and the United States attorney was bound by defendant's answer. In testifying, a defendant subjects himself to the same liabilities and is entitled to the same privileges as other witnesses. State v. Sprague, 64 N. J. Law, 419, 425, 45 Atl. 788.

[4] While proof of the possession of liquor at another time was collateral and immaterial, so far as establishing the issue on trial was concerned, its effect upon the jury was detrimental and prejudicial to the defendant. Evidence that he committed other crimes at other times may not be admitted to show that he had it within his power and was likely to commit the particular crime with which he was charged. State v. Hendrick & Stanton, 70 N. J. Law, 41, 45, 56 Atl. 247; Taliaferro v. United States, 213 Fed. 25, 129 C. C. A. 611; People v. Sharp, 107 N. Y. 427, 14 N. E. 319, 1 Am. St. Rep. 851; Rau v. United States, 260 Fed. 131, 171 C. C. A. 167; Boyd v. United States, 142 U. S. 450, 458, 12 Sup. Ct. 292, 35 L. Ed. 1077. It is easy to see how such evidence might prejudice the jury, render a fair trial impossible, and lead to conviction.

We are therefore constrained to reverse this case and grant a new trial.