### REID et al. v. BAKER.

(Circuit Court of Appeals, Ninth Circuit.  April 16, 1923.)

No. 3965.

**1. Warehousemen ⬅︎34(6)—Evidence of similar effects from same cause held admissible.**

In an action against a cold storage company for loss of loganberries stored, alleged to have been due to want of proper care, evidence of the condition of other berries of the same kind shipped from the same plant during the same period *held* competent.

**2. Appeal and error ⬅︎1170(7)— Error not prejudicial not ground for reversal.**

Under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), erroneous admission of evidence not prejudicial to the losing party is not ground for reversal.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action at law by H. A. Baker against William Reid and Wilbur P. Reid, doing business as the National Cold Storage & Ice Company. Judgment for plaintiff, and defendants bring error.  Affirmed.

J. F. Boothe, and Clark, Middleton, Clark & Skulason, all of Portland, Or., for plaintiffs in error.

Carey & Kerr and Omar C. Spencer, all of Portland, Or., for defendant in error.

Before GILBERT and RUDKIN, Circuit Judges, and DIETRICH, District Judge.

RUDKIN, Circuit Judge.  This was an action to recover damages for the loss of a quantity of loganberries while in cold storage.  The complaint alleged that during the months of July and August, 1920, the plaintiff delivered to the cold storage plant of the defendants 398 barrels of loganberries; that the defendants undertook and agreed to store them safely, and to keep them in a proper state of refrigeration, so that they would not ferment or deteriorate in value; that the defendants wholly failed and neglected to keep them in a proper state of refrigeration; and that by reason of such failure and neglect the berries fermented and became a total loss.  The answer denied the improper refrigeration, and alleged affirmatively, among other things:

"That the 398 barrels of loganberries mentioned in the complaint were hauled a long distance in auto trucks during warm weather, and were all warm and in bad condition when delivered to the defendants.  That more than half were fermenting and sizzling and many barrels were bursting and blowing up."

[1] Upon the trial the plaintiff offered testimony tending to show that he shipped several carloads of loganberries from the same cold storage plant to Chicago early in August of that year; that 29 out of a total of approximately 100 barrels contained in a shipment arriving in Chicago on August 4th were in bad condition; that from 50 to 60 per cent. of a shipment arriving a few days later were in bad condition;

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and that an entire shipment arriving a few days later was in bad condition. The defendants interposed an objection to this line of testimony on the ground that it was too remote, but the objection was overruled, and an exception allowed. The plaintiff had judgment below, and the defendants bring error. The admission of the testimony above set forth is the only error assigned.

Testimony tending to show the condition of other berries of the same kind, removed from the same plant, during the same period was clearly competent, where there was no substantial change in their condition, after removal. Whether there was a substantial change was primarily for the determination of the trial court, and its determination of that question is not subject to review here, in the absence of a clear abuse of discretion. While it may be conceded that testimony as to the condition of perishable articles, like loganberries, after their arrival in Chicago in the heat of summer, has little tendency to show their condition when they left Portland, Or., especially in the absence of testimony tending to show how long they were enroute or the conditions surrounding them in transit, yet where several shipments are made at about the same time, with substantially the same result in each case, we are not prepared to say that the testimony had no probative value. And if the testimony was erroneously admitted, we are not prepared to say that the error was prejudicial.

[2] It will be observed that the testimony complained of followed very closely the averments of the affirmative answer above quoted. The condition of the berries when delivered at the plant, rather than their condition when leaving it, was the principal issue in the case. But it is said that testimony showing other losses sustained by the defendant in error would have a tendency to prejudice the jury. Counsel for the defendant in error disclaimed any right to recover for such losses, and the jury was strictly confined to a consideration of the loss set forth in the complaint, by the charge of the court. We feel, therefore, that this claim is more fanciful than real. Counsel further invokes the old rule that prejudice will be presumed from the admission of erroneous testimony; but of late years that rule is more honored in the breach than in the observance. Miller v. Continental Shipbuilding Corp. (C. C. A.) 265 Fed. 158. Furthermore we are expressly required by the Act of February 26, 1919, (40 Stat. 1181), to give judgment after an examination of the entire record, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties.

Finding no prejudicial error in the record, the judgment of the court below is affirmed.