2 F.(2d)—10

## WEIL v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. October 21, 1924.)

No. 4348.

1. **Criminal law** ⟺369(1)—**Evidence concerning bribery held erroneously admitted in prosecution for conspiracy to possess intoxicating liquors.**

In prosecution for conspiracy to have and possess intoxicating liquors for sale, it was reversible error to admit evidence that defendant accepted a certain sum from witnesses, in order to pay it over to general prohibition agent as protection money, so that liquor shipments of other persons could be transported without hindrance; the conspiracy charged having ceased more than a month before such money was claimed to have been paid.

2. **Criminal law** ⟺369(1)—**Independent crime cannot usually be offered in evidence to prove offense charged.**

Independent crime cannot usually be offered in evidence to prove offense charged.

3. **Witnesses** ⟺337(4)—**Evidence of sales of liquor held erroneously admitted in prosecution for conspiracy to possess liquors for purpose of sale.**

In prosecution for conspiracy to possess intoxicating liquors for sale at defendant's warehouse, *held* error to admit testimony of certain sales of whisky at other times and places, though offered to impeach defendant, who testified that he had not sold any whisky at any time.

In Error to the District Court of the United States for the Southern District of Georgia; Wm. H. Barrett, Judge.

G. Harold Weil was convicted of conspiracy to have and possess intoxicating liquors, and brings error. Reversed.

Shelby Myrick, of Savannah, Ga., for plaintiff in error.

F. G. Boatright, U. S. Atty., of Cordele, Ga., and Chas. L. Redding, Asst. U. S. Atty., of Savannah, Ga.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. This is an indictment against the defendant for conspiring with one Harry Litman, Jake Williams, and Chesley C. Tuten, to have and possess intoxicating liquors for the purpose of being sold, bartered, exchanged, and given away in violation of the act of Congress (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). It was proven that the other defendants had rented from Weil a warehouse in the city of Savannah, in which to unlawfully keep and have possession of said intoxicating liquors. Said Weil knew that fact, and according to the evidence stipulated that he should be kept in ignorance of the sales of said liquors; but he made some alterations in said warehouse, so that the liquors might

be unloaded from vehicles inside thereof, and not exposed to outside view, and also left the connecting door, which communicated with other premises owned by him open, in order that the defendants, actively engaged in such sales, might escape therefrom if said place was raided.

It was proven on said trial that about June 23, 1922, 200 cases of intoxicating liquors were brought to the warehouse and packed therein, and that that was the only intoxicating liquor ever brought to and stored in the warehouse, inasmuch as the place was not suited for such purpose, being too public, and that Litman and his associates abandoned the same, and that on the 10th of July, when the rental was due, Litman refused to pay the rent, and all relations of landlord and tenant between Litman and Weil then ceased.

[1] On the trial of said case evidence was offered by the government that on the 30th of August, 1922, Weil accepted $5,000 from the witnesses, who were acting for one Willie Haar, in order to pay the same over to Mr. Merrick, general prohibition agent at Savannah, as protection money, so that liquor shipments could be transported without hindrance on the roads of Chatham county by Willie Haar and by others mentioned as the "Big Four." This evidence was objected to, and admitted over the objection of defendant's counsel. We think that this evidence was improperly admitted, was prejudicial in its nature, and requires a reversal.

[2] The conspiracy which was charged and proven had ceased more than a month before this $5,000 was claimed to have been paid. It tended, if true, to show a conspiracy between entirely different persons than those named in the indictment, and for a different purpose. It had no connection with Weil's warehouse, or the conspiracy charged to be effected by its use. An independent crime cannot usually be offered in evidence in order to prove the offense charged. De Luca v. United States (C. C. A.) 299 F. 741, 745; Day v. United States, 220 F. 818, 136 C. C. A. 406; Carpenter v. United States (C. C. A.) 280 F. 598, 600.

[3] We think there was also error in admitting the testimony of Abe Green and Henry Center, in order to prove the sale of 5 cases of whisky by the defendant Weil in Savannah, Ga., in the latter part of July or August, 1923, and with reference to the sale at that time by the defendant Weil of a quart of "shine" at a place, which was not the store rented, and nowhere near it, or connected with it, and also the testimony of one F. L. Dodge identifying the whisky which Green, Center, and Mendel were said then to have purchased from Weil and to have sold to Dodge.

It appears from the record that this testimony was first offered and excluded by the court. When the defendant Weil was on the witness stand, the court permitted the government's counsel to ask him on cross-examination if he had at any time in the last three years sold any whisky. He answered, "I have not, sir, in my entire life." The testimony formerly excluded was then offered by the government in order to impeach Weil. The transaction inquired about was entirely different and fully a year subsequent to that under investigation. It was a wholly collateral matter, and could not be used for the purpose of so impeaching the defendant. People v. De Garmo, 179 N. Y. 130, 71 N. E. 736; People v. Molineux, 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193; People v. Greenwall, 108 N. Y. 296, 15 N. E. 404, 2 Am. St. Rep. 415; Bullard v. U. S., 245 F. 837, 158 C. C. A. 177; Newman v. U. S. (C. C. A.) 289 F. 712; Hamilton v. People, 46 Mich. 186, 9 N. W. 247; Greenleaf on Evidence (16th Ed.) pars. 449, 461e. We think the testimony admitted was prejudicial to the defendant. Beyer v. United States (C. C. A.) 282 F. 225.

For these errors in admitting testimony, the judgment of the court below is reversed.