WESTFALL v. UNITED STATES. MERSEL v. SAME. TANSEY v. SAME.

(Circuit Court of Appeals, Sixth Circuit. December 2, 1924.)

Nos. 4116–4118.

1. Criminal law ⬧1086(14), 1186(4)—Amendment authorizing reversal for miscarriage of justice held not to obviate necessity of rulings by trial court on questions raised.

The appellate court reverses convictions through sole dependence on Judicial Code, § 269, as amended (Comp. St. Ann. Supp. 1919, § 1246), only where plain and vital error appears indicating miscarriage of justice, and except in such a case a contention that acquittal should have been directed is not tenable, where record shows no motion for directed verdict, nor any objection or exception raising that point.

2. Conspiracy ⬧45—Evidence of other acts tending to show conspiracy admissible.

Evidence of any act tending to show conspiracy is relevant in prosecution for conspiracy, though only one act be alleged.

3. Criminal law ⬧1159(2)—Appellate court will not review weight of evidence.

Appellate court will not review the weight of the evidence on which conviction for conspiracy was had.

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

Ella Westfall, Jessie Mersel, and Nettie Tansey were convicted of conspiracy, and they severally bring error. Judgments affirmed.

Hugh Nichols, of Cincinnati, Ohio (Nichols, Morrill, Stewart & Ginter, of Cincinnati, Ohio, on the brief), for plaintiffs in error.

A. Lee Beatty, Asst. U. S. Atty., of Cincinnati, Ohio (Harry A. Abrams, of Cincinnati, Ohio, on the brief), for the United States.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. Complaint is made that, in this prosecution for conspiracy, evidence was received of overt acts other than those specified in the indictment. The record shows no objection or exception.

[1] We are also told that for lack of necessary proof a verdict of acquittal should have been directed; but, again, the record shows no motion for a directed verdict, nor any objection or exception raising that point. It is the settled rule in this court that section 269 of the Judicial Code, as amended (Comp. St. Ann. Supp. 1919, § 1246), was not intended to promote reversals by removing the necessity for any ruling

by the court below upon the point before it can be raised on review, but that, just as before the amendment, in such a case we reverse only where it appears that there had been a plain and vital error, indicating a miscarriage of justice in the result. Robilio v. U. S., 291 F. 975, 980.

[2, 3] We see no such error. Evidence of any act tending to show the conspiracy was relevant, though only one act need be alleged. The inference that the separate sales made by the individual defendants were pursuant to a precedent common plan, and therefore showed a conspiracy, rather than sales merely, was not a necessary inference, but was one which the jury might rightfully draw from all the circumstances. Whether the sales occurred depends solely on the respective credibility of the witnesses, and we cannot review the weight of evidence.

The judgment in each of the three cases is affirmed.