## LYNCH et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.
April 24, 1926.)

No. 2475.

1. Criminal law ⬅369(2), 371(1)—Generally, evidence of distinct offenses not admissible, except where intent is essential or subject of inquiry is related to main offense.

Generally, where defendant is on trial for one offense, evidence of separate and distinct offenses is not permissible, except where intent is essential ingredient, or subject of inquiry is so related to main offense as to throw material light thereon.

2. Criminal law ⬅369(6)—Permitting evidence relative to defendants' possession of intoxicating liquor on day after date alleged in information held proper, where defendants had testified that presence at distillery was innocent.

Where defendants, in prosecution for unlawful manufacture and possession of liquor had testified to facts showing that presence at distillery on date alleged was innocent, permitting cross-examination and admitting other evidence to show possession on day following held proper as being related to main issue and tending to throw material light thereon.

In Error to the District Court of the United States for the Western District of South Carolina, at Spartanburg; Henry H. Watkins, Judge.

Mat Lynch, Walter Johnson, and Robert Johnson were convicted of unlawful manufacture of intoxicating liquor and unlawful possession of property designed for that purpose and unlawful possession of a quart of whisky, and defendants Lynch and Walter Johnson bring error. Affirmed.

L. G. Southard, of Spartanburg, S. C., for plaintiffs in error.

Joseph A. Tolbert, U. S. Atty., of Greenville, S. C.

Before WADDILL and PARKER, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

ERNEST F. COCHRAN, District Judge. An information under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) was filed against the plaintiffs in error, Mat Lynch and Walter Johnson, and one Robert Johnson. The information contained three counts. The first count charged the unlawful manufacture of intoxicating liquor; the second count, the unlawful possession of property designed for that purpose, namely, a distilling outfit; and the third count, the unlawful possession of a quart of whisky. In all the counts, the date of the offense was alleged to be October 29, 1925. All

three defendants were convicted, but only Mat Lynch and Walter Johnson have sued out a writ of error, alleging error in the trial court in permitting the defendant Walter Johnson to be cross-examined, and testimony of witnesses to be introduced, as to his connection with the possession and transportation of whisky on the next day following the offense, namely, the 30th of October, 1925.

Certain state officers testified, in substance, that at a certain place in Spartanburg county, on the afternoon preceding the 29th October, 1925, they had located certain mash, commonly spoken of as "beer," which is used in the distillation of whisky. On the 29th of October, they returned and found that the mash had been removed, but followed a trail which led down to a distillery in full operation. About 40 or 50 feet from the distillery, near a freshly made but well-defined path which led from the distillery, they found one white man, the defendant Walter Johnson, and two colored men, the defendants Mat Lynch and Robert Johnson. Walter Johnson was standing up and talking to the two colored men who were sitting down. When discovered, these three men immediately ran. The officers testified that there was no other person at the distillery. They found a quart of whisky near the place where they found the three defendants. There was some further evidence which is not pertinent to the question presented in this court.

The defendants Mat Lynch and Walter Johnson testified that Walter Johnson was out rabbit hunting and had heard about this "beer" being located upon his father's land, and that they went up to where the still was, looking for this "beer," and at the distillery they found a man named Claude Johnson, who had on white overalls, "soiled and very dirty," and who disappeared before the officers came. They testified that they saw no whisky and had nothing to do with the operation of the distillery.

When the defendant Walter Johnson was on the witness stand, the court permitted the district attorney to cross-examine him in reference to his being found by the officers the next day (October 30th) in a car driven by one George Sherbert, coming from the direction of this distillery, with three gallons of whisky in the car. The court also permitted the district attorney to introduce in reply testimony by the officers to the effect that on October 30, Claude Johnson and the defendant Walter Johnson were in a car driven by George Sherbert on a road leading from the direction of the distillery, and upon the approach of the officers, Walter Johnson first,

and then Claude Johnson, jumped from the car, and both ran, and that the car contained three or four gallons of whisky. To this cross-examination and the admission of this testimony exception was duly taken.

It will not be necessary to consider whether this evidence tending to show possession on the 30th October would be admissible in support of the third count of the information, which charged the offense of possession on the 29th, on the theory that it would not be necessary for the government to prove the exact date charged in the information, or on the theory that possession is a continuing offense, because the government did not offer this evidence on either theory. The government had already introduced evidence in its case in chief as to the quart of whisky found near where the three defendants were found on the 29th, and, from the record before us, was evidently relying upon that evidence as to that quart of whisky as establishing the offense charged in the third count, and the evidence as to the transaction on the 30th October was brought out, not in chief, but in the cross-examination of Walter Johnson, and in reply. [1, 2] The general rule is that, where a defendant is on trial for one offense, evidence of separate and distinct offenses is not permissible, except where intent is an essential ingredient, or the subject of inquiry is so related to the main offense as to throw material light thereon. Newman v. U. S. (C. C. A. 4th) 289 F. 712; Carpenter v. U. S. (C. C. A. 4th) 280 F. 598, 600; Bullard v. U. S. (C. C. A. 4th) 245 F. 837, 158 C. C. A. 177; Day v. U. S. (C. C. A. 4th) 220 F. 818, 136 C. C. A. 406. But in this case we think the evidence was so related to the main issue, and the learned judge was right in admitting it. Walter Johnson and his codefendant Lynch had testified to facts tending to show that their presence at the distillery in question was perfectly innocent, and that they had no connection whatever with it. They had also testified that they found at the distillery this Claude Johnson, and, from their testimony as to the condition of his clothes, it was evident that it was the purpose of their counsel to argue that he was the operator of the distillery. The fact that on the next day Walter Johnson was found with this same Claude Johnson on a road which led from the direction of the distillery, with three gallons of whisky, was a circumstance tending to discredit the account given by him and his codefendant Lynch as to their presence at the distillery. The theory of the government evidently was that the defendants had other liquor than the quart which was found near the distillery, hidden out in the vicinity of the distillery, and that Walter Johnson had returned the next day with Sherbert and Claude Johnson to bring it away; and we think the transaction on the next day was sufficiently close both in point of time and locality to justify the admission of the evidence as a circumstance tending to support that theory and rebut their testimony as to their casual presence at the distillery.

Affirmed.