## COOK v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 17, 1926.)

No. 7348.

1. **Criminal law ⊂⊃1166(1).**

Court's correction of clerical error, by transposing numbers of two indictments against same defendants, *held* not prejudicial.

2. **Criminal law ⊂⊃1186(4).**

In prosecution for conspiracy, admission of evidence that two defendants, a justice of the peace and a constable, had sold immunity from arrest to others than person named in indictment, *held* not reversible error, in view of Judicial Code, § 269 (Comp. St. § 1246).

3. **Criminal law ⊂⊃656(5).**

In prosecution for conspiracy to violate Prohibition Act, court's repeated and emphatic statement that he gave no credence to particu-

14 F.(2d)—53

lar testimony for defendant *held* reversible error (Comp. St. § 10138¼ et seq.).

Stone, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

William Cook was convicted of conspiracy to violate the National Prohibition Act, and he brings error. Reversed.

John T. Harley, of Tulsa, Okl., for plaintiff in error.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl. (W. L. Coffey, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before STONE and LEWIS, Circuit Judges, and SYMES, District Judge.

SYMES, District Judge. The plaintiff in error, William Cook, and one Jasper Cox, were indicted for conspiring together, and with one C. B. Aubrey, to violate the National Prohibition Act (Comp. St. § 10138¼ et seq.).

The indictment charged that the defendants Cox and Cook, being a justice of the peace and constable, respectively, in and for Creek county, Okl., agreed as such, on or about April 15, 1925, that Aubrey should and would be permitted to set up a still and sell and transport whisky, and would be protected by them from arrest or prosecution, in consideration of the payment by said Aubrey of $40 a month. The one overt act alleged was that Cox and Cook, pursuant to said arrangement, feloniously received from Aubrey $10 on or about the 8th day of June, 1925. From a judgment of conviction, Cook alone appeals.

[1] At the time of the trial two indictments were pending against the same defendants, and the first specification of error argued is the action of the court, after the trial had begun, in ordering the numbers on the indictments changed, and thereby putting, as alleged, the defendants on trial for a separate offense. We see no merit in this objection. It was clearly understood at the time that Cook and Cox were on trial for conspiring with Aubrey, and the correction of a clerical error by transposing the numbers of the two cases did not affect any substantial rights of the defendants.

[2] The next objection is to the admission of evidence of other transactions, or overt acts, not set out in the indictment. This seems to be a matter of discretion, and the testimony objected to comes within the rule that permits

evidence of other and distinct offenses to be introduced, when they are so related to the main issue in respect to time and character as to aid in its solution. The latest authority on this is Lynch v. U. S. (C. C. A.) 12 F.(2d) 193, and cases cited. In Newman v. U. S. (C. C. A.) 289 F. 712, the court, after stating that considerable discretion is allowed the trial courts as to the manner and method of procedure before them, including the introduction of testimony, states that evidence may not be admitted of other alleged crimes not related to the offense under trial, except where intent is an essential ingredient, or the subject of inquiry is so related to the main offense as to throw material light thereon. See, also, Crowley v. U. S. (C. C. A.) 8 F. (2d) 118, Westfall v. U. S. (C. C. A.) 2 F. (2d) 973, Grayson v. U. S. (C. C. A.) 272 F. 553, Kolbrenner v. U. S. (C. C. A.) 11 F.(2d) 754. In Baker v. U. S. (C. C. A.) 276 F. 285, the court said:

"Proof of a conspiracy may, and generally does, consist of a multitude of facts and circumstances, regardless of whether, singly considered, they would constitute overt acts or not, and regardless of the time of their occurrence, provided it is shown that the conspiracy continued and was still afoot within the period of limitation."

The evidence objected to tended to show that the defendants, about the time in question, were selling protection or immunity from arrest to persons other than those charged in the indictment. On the entire record we are of the opinion that the verdict of the jury was justified, and that, with the exception hereafter noted, we are not warranted, under section 269, Judicial Code (Comp. St. § 1246), in reversing the judgment on any of the grounds urged. Lewis v. U. S. (C. C. A.) 11 F.(2d) 746. Counsel, in urging objections similar to those referred to should consider this wise and salutary provision of the Judicial Code. Errors of a minor nature cannot be considered. Kercheval v. U. S. (8th C. C. A., May 4, 1926) 12 F.(2d) 904.

[3] Assignments of error Nos. 15 and 16 challenge certain comments made by the court upon the evidence in the instructions as being argumentative and nonjudicial in character. The question thus presented is not free from difficulty. The rule in this circuit has been very clearly stated in Rudd v. U. S., 173 F. 912, 97 C. C. A. 462, and in Lewis v. U. S., 8 F.(2d) 849. We have no intention of limiting the statement there made that:

"A judge should not be a mere automatic oracle of the law, but a living participant in the trial, and so far as the limitations of his position permit should see that justice is done."

But in the instant case we think the court went too far, in spite of the fact that it clearly impressed upon the jury that they were the sole triers of the facts, and that their verdict must be their own, and that the court's opinion was not binding upon them. It was admitted that money was paid to Cook; the government contending it was a bribe, while the defendant swore that it was received as a payment of some gasoline tickets. This was, as the lower court stated, the turning point in the case.

In commenting thereon the court said—as he very well might—that he gave no credence whatever to this statement of Cook's about the gasoline tickets, and that he believed it to be an afterthought. But the court did not stop with that expression of an opinion. He not only repeated it thereafter, but later returned to the subject, to state emphatically that it did not look reasonable to him, and still again, that he did not think that the version given in behalf of the defendant ever happened, etc. These statements, taken together, constitute more than a mere judicial expression of opinion, and partake of the nature of a partisan argument, very apt to convince the jury, by mere weight of reiteration, of the falsity of that part of the defendant's case upon which his guilt or innocence depended. It is not in accord with the following language from the Lewis Case, supra:

"But his comments upon the facts should be judicial and dispassionate, and so carefully guarded that the jurors, who are the triers of them, may be left free to exercise their independent judgment."

Other cases on this question in this circuit are Weare v. U. S., 1 F.(2d) 617, and Weiderman v. U. S., 10 F.(2d) 745.

For this reason the judgment must be reversed; and it is so ordered.

STONE, Circuit Judge (dissenting). I think this judgment should be affirmed. The point upon which the majority think there should be reversal is that the court intemperately commented upon the evidence in his charge. The assignment in this regard is that the court erred in this respect:

"In that he failed to instruct and comment accurately upon the theory of the defense as to the reasonableness of the negro informers going to the office of the justice of the peace to pay a gasoline bill, when in fact the theory and the proof of the government's case showed a prearranged plan between the informers, the chief of police, the deputy

marshal, the prohibition inspector and the district attorney to deliver money to the defendant where he could be found."

The matter which is sought to be argued here is the alleged intemperance of the comments which were actually made and not, according to the assignment, as to an omission to charge. Because of this lack of proper assignment, this court should not pass upon this matter. However, if properly assigned, the matter is not well founded. Although the court rather clearly stated to the jury that he took little stock in some of the evidence offered by the defendants, yet he repeatedly stated to the jury, and clearly, that they were the exclusive triers of the fact, were not bound by anything that he might say concerning the facts and should make up their minds from the evidence and not from what he might say. Not only was this true of the charge, but it was further emphasized at the end of the charge, when this particular matter was brought to the attention of the court and the jury by an exception to the charge. The defense, in this particular, was so palpably untrue and manufactured that the court was justified in stating to the jury that it was such in his opinion.