## SARTAIN et al. v. UNITED STATES. [*]

(Circuit Court of Appeals, Fifth Circuit. January 3, 1927.)

No. 4733.

1. Criminal law ⟷1129(3)—Error assigned to admission or rejection of evidence not complying with rule will be disregarded, although court may notice unassigned plain error (Circuit Court of Appeals rule 11).

Error assigned to admission or rejection of evidence not complying with Circuit Court of Appeals rule 11, requiring that full substance of evidence admitted or rejected shall be quoted, will be disregarded, although court may at its option notice plain error not assigned.

2. Criminal law ⟷586—Trial court held not to have abused discretion in refusing continuance, in absence of showing of prejudice thereby.

Trial court *held* not to have abused discretion in refusing continuance, in absence of showing defendants were deprived of opportunity to secure witness or to have suffered in any way therefrom.

*Rehearing denied February 10, 1927.

**3. Criminal law ⬚➼586—Trial court has large discretion in granting or refusing continuance.**

Granting or refusing continuance is largely within discretion of trial court.

**4. Criminal law ⬚➼371(1)—Evidence of other similar transactions may be shown in conspiracy trial to prove intent.**

Evidence of other similar transactions may be shown to prove intent in trial for conspiracy.

**5. Conspiracy ⬚➼45—Testimony of money exacted from prisoner by warden as alleged loan held admissible in prosecution for conspiracy to receive bribes from prisoners (Penal Code, § 117 [Comp. St. § 10287]).**

In prosecution for conspiracy to receive bribes to influence official action in granting prisoners certain privileges, in violation cf Penal Code, § 117 (Comp. St. § 10287), evidence relative to warden securing alleged loan from prisoner *held* admissible, in view of circumstances warranting conclusion that money was exacted with no intention of repaying it.

**6. Criminal law ⬚➼663—Only such portions of document which are admissible should be offered or received.**

Only such portions of document as are admissible should be offered and received in evidence, and portions which might create prejudice against defendant should be excluded.

**7. Criminal law ⬚➼1186(4)—Admitting grand jury's resolution recommending parole of prisoner testifying for government in prosecution for conspiracy to receive bribes from prisoners held harmless (Penal Code, § 117 [Comp. St. § 10287]; Judicial Code, § 269, as amended by Act Feb. 26, 1919 [Comp. St. § 1246]).**

In prosecution, under Penal Code, § 117 (Comp. St. § 10287), for conspiracy to receive bribes from federal prisoners, resolution of grand jury, recommending parole of prisoner who had become government witness, although clearly inadmissible as to recitals relative to good reputation before ¯conviction, *held* harmless, and not to require reversal, under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. § 1246).

In Error to the District Court of the United States for the Northern District of Georgia; Robert T. Ervin, Judge.

Albert E. Sartain and another were convicted of conspiring to receive bribes, and they bring error. Affirmed.

Hooper Alexander, of Atlanta, Ga., and James N. Linton, of Columbus, Ohio, for plaintiffs in error.

Clint W. Hager, U. S. Atty., of Atlanta, Ga. (R. M. Cook, Asst. U. S. Atty., of Atlanta, Ga., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

16 F.(2d)—45

FOSTER, Circuit Judge. Albert E. Sartain and Lawrence Riehl, plaintiffs in error, were charged with conspiring with each other and with Looney J. Fletcher and Thomas P. Hayden to receive bribes of $1,500 from each of seven named persons, who were to be confined as prisoners in the federal penitentiary at Atlanta, Ga., to influence their official action in granting said prisoners certain special privileges, in violation of section 117, Penal Code (Comp. St. § 10287). Sartain was the warden of the said penitentiary, and Fletcher a deputy warden, while Hayden was one of the chaplains. Riehl had no official connection with the institution. Hayden was not included in the indictment as a defendant, Fletcher was acquitted, and Sartain and Riehl were convicted. The record is voluminous, purporting to contain all the evidence heard upon the trial, although it does not appear that any motion to direct a verdict was made which would warrant our examination of it.

[1] There are 24 assignments of error covering 14 printed pages of the record. The third to the twenty-fourth assignments, inclusive, run on the rejection or admission of evidence. These assignments are in general terms, with but slight identification of the testimony admitted or excluded. Our rule 11 requires that, when the error alleged is to the admission or rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. Errors not assigned according to the rule will be disregarded, although, of course, the court may at its option notice a plain error not assigned. The above-mentioned rule is not a mere matter of form, as we have repeatedly pointed out.

Regarding assignments of error, in Phillips, etc., Construction Co. v. Seymour et al., 91 U. S. at page 648, 23 L. Ed. 341, the court said:

"The object of the rule requiring an assignment of errors is to enable the court and opposing counsel to see on what points the plaintiff's counsel intend to ask a reversal of the judgment, and to limit the discussion to those points. This practice of unlimited assignments is a perversion of the rule, defeating all its purposes, bewildering the counsel of the other side, and leaving the court to gather from a brief, often as prolix as the assignments of error, which of the latter are really relied on. We can only try to respond to such points made by

counsel as seem to be material to the judgment which we must render."

To try to give effect to the assignments in this case would require an examination of the entire record, page by page and line by line, with but small hope of even then identifying what was objected to. This we do not feel called upon to do.

But three errors were argued at the hearing. The best we can do is to consider those in the light of the arguments and briefs, with such aid as we may derive from an examination of the record.

[2, 3] Plaintiffs in error contend that they were denied a continuance and forced to trial too soon after indictment; that this was an abuse of discretion in the trial court and greatly prejudiced their defense. It appears that the indictment was returned on January 28, 1925, and the trial was begun on February 9, 1925. The verdict was rendered on February 20, 1925. It was stated in argument, and not denied, that at the time the indictment was returned defendants were under indictment in other cases in the same court, and had given bond for their appearance, and that copies of the indictment were promptly furnished them when it was returned. It is not shown that they were deprived of the opportunity to secure any witness who might have tended to support the defense, nor is it shown that they suffered in any way, except that it might be inferred counsel would have preferred more time in which to prepare for trial. The granting or refusing of a continuance is largely within the discretion of the trial court, and we do not find that there was any abuse of discretion in this case.

[4, 5] In the course of the trial a witness, Willie Haar, one of those named as having paid $1,500 in furtherance of the conspiracy charged, testified to another transaction in which he had loaned $5,000 to Sartain, which money was in turn transmitted to Riehl. It is not disputed by plaintiffs in error that evidence of other similar transactions may be shown to prove intent in trials for conspiracy, but it is contended that this transaction was innocent and merely a loan. At the time the loan was made, Haar was incarcerated in the penitentiary, and he testified that the warden sent for him and asked for the loan, that he made it, and that it had never been repaid. The circumstances surrounding the transaction were such that the jury could well infer from the testimony of the witness that the payment of this money was exacted by the warden, and, while thinly disguised as a loan, was never intended to be repaid. We find no error in the admission of this evidence.

C. Graham Baughn, also one of those named in the indictment as having paid $1,500 in furtherance of the conspiracy charge, became a witness for the government, and testified that he was a prisoner at the penitentiary, and did pay the amount stated as a bribe to influence plaintiffs in error in their official capacity to grant him special privileges at the penitentiary. He further testified on direct examination that he entered the penitentiary in March of 1924 to serve a sentence of a year for conspiracy to violate the National Prohibition Act (Comp. St. § 10138¼ et seq.), and that he was recommended for parole in May of that year. On cross-examination he stated that he was notified in August following that his parole had been denied, that he made a statement to the grand jury on December 18, 1924, and that his parole was granted five days later. The government, for the declared purpose of combating the possible intimation that Baughn was paroled because he had testified before the grand jury, was permitted, over objection, to introduce in evidence a resolution adopted by that body on December 19, 1924. That resolution recited that Baughn had materially assisted in the investigation of corrupt conditions in the Atlanta penitentiary, and also recited that it was within the personal knowledge of many members of the grand jury that prior to his conviction Baughn had been a young man of excellent reputation, and had never been in any trouble or difficulty. It concluded by recommending that the application for parole, which had been recommended by the parole board, but disapproved by the Attorney General, be promptly approved by the Department of Justice, so that Baughn could return to his home by Christmas Day.

[6, 7] The resolution was clearly inadmissible, for it had no tendency to contradict, but, on the other hand, corroborated, the circumstances admitted on cross-examination in regard to the granting of the parole. If it had been admissible for that limited purpose it was wholly unnecessary to put before the trial jury the whole resolution. Only such portions of a document as are admissible should be offered or received in evidence. Those portions which might create prejudice against the defendant should be excluded. Bates v. Preble, 151 U. S. 149, 14 S. Ct. 277, 38 L. Ed. 106; Boykin v. United States (C. C. A.) 11 F.(2d) 484;

Berry v. United States (C. C. A.) 15 F. (2d) 634 (present term). The recital that Baughn's reputation was good was nothing but hearsay, pure and simple, and, of course, should have been excluded. The result is that the part of the resolution which related to the parole was harmless, as it tended to sustain rather than to rebut the inference that Baughn's testimony was given for the purpose on his part of being granted a parole. After careful consideration we are convinced that the recital that Baughn bore a good reputation before he was convicted was also harmless. It is inconceivable that a jury of reasonable men could have been influenced by an ex parte statement that before conviction Baughn bore a good reputation, when it appears that after conviction and in this very trial he admitted that he was guilty of the crime of bribery.

We conclude that the error in admitting this evidence was purely formal, and not prejudicial. Judicial Code, § 269, amended Feb. 26, 1919 (Comp. St. § 1246); Horning v. Dist. of Columbia, 254 U. S. 135, 41 S. Ct. 53, 65 L. Ed. 185; Garcia v. U. S. (C. C. A.) 10 F.(2d) 355; Kreiner v. U. S. (C. C. A.) 11 F.(2d) 722; Carpenter v. U. S. (C. C. A.) 280 F. 598; Popham v. U. S. (C. C. A.) 11 F.(2d) 966; U. S. v. River Rogue Imp. Co. (C. C. A.) 285 F. 111; Haywood v. U. S. (C. C. A.) 268 F. 795; Rich v. U. S. (C. C. A.) 271 F. 566; Reid v. Baker (C. C. A.) 288 F. 969.

We find no reversible error in the record. Affirmed.